Juan Mari Ramos, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 892.—*Sometido:* Mayo 25, 1933. *Resuelto:* Mayo 31, 1933.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Juan Mari Ramos presentó en el Registro de la Propiedad de San Germán una escritura otorgada ante el notario Angel Arroyo Rivera, interesando, entre otras cosas, que por nota marginal se haga constar la actual descripción de una parcela de terreno de la cual, según la escritura, se ha hecho un segregación. También se interesa la rectificación de colindancias de otra parcela de una cuerda, descrita en el hecho séptimo de la escritura.

El Registrador se negó a inscribir este documento por un número de razones que se exponen en la nota recurrida; pero el recurrente únicamente se querella de que se negase a describir en una nota marginal la parcela principal después de hecha la segregación, y la modificación de colindancias de la otra parcela de una cuerda anteriormente mencionada.

En lo que se refiere a la cuestión planteada por el recurrente, dice así la nota recurrida:

"EN CUANTO a la solicitud de consignar por notas marginales en el Registro la DESCRIPCIÓN del resto de la parcela de 1.8333 cuerda, así como la RECTIFICACIÓN de colindancias y descripción exacta de la otra parcela de UNA CUERDA, a que se refiere el hecho SÉPTIMO de este documento, NO SE TOMA RAZÓN ALGUNA, toda vez que en la Ley Hipotecaria, en su Reglamento, jurisprudencia, o en comentarios de tratadista alguno de derecho hipotecario NO SE AUTORIZA a hacer descripciones de fincas por notas marginales, pues en el caso de describirse algún resto de una finca o consignarse diferencias en las colindancias y anexidades de OTRA, para conocimiento público en el Registro, sólo se hace en el momento de traerse al mismo algún otro título posterior que comprenda alguna contratación sobre los indicados actuales inmuebles, o de otra forma, por virtud de acta pública otorgada por el propio dueño, lo cual motivaría una nueva inscripción, y por su consecuencia los derechos de inscripción serían mayores."

Alega el Registrador recurrido que cuando se lleva a cabo una segregación, se pone al margen de la finca principal una simple referencia de la porción segregada con su número de cuerdas y citación del tomo y folio donde queda inscrita como finca aparte, pero que en dicha nota marginal no se describe el resto de la finca, porque esta descripción debe hacerse en

el cuerpo de la misma y no en una nota. De la última parte de la nota del Registrador parece deducirse que en caso de referirse a algún resto de una finca o consignarse diferencias en las colindancias de otra, habría que levantar un acta aclaratoria, que motivaría una nueva inscripción. No parece razonable que se haga incurrir a la parte interesada en nuevos gastos para realizar un acto que resulta redundante. La finca está inscrita, y el hecho de que se haya realizado una segregación no debe ser motivo de una nueva inscripción del inmueble cuando se desea describir en la forma en que ha quedado, prescindiendo de la parte segregada. Es claro que es necesario que se inscriba en sitio aparte la porción que se segrega, que pasa a formar una nueva finca; pero la finca principal, estando ya inscrita, no debe ser objeto de una nueva inscripción. La descripción al margen de la finca no ocasiona perjuicio alguno ni origina inconveniencias en los libros del Registro, y sirve más bien de nota aclaratoria, y simplifica y facilita la información con respecto a las colindancias actuales del inmueble. En la inserción de estas notas marginales el Registrador actúa a solicitud de parte y no vemos razón alguna que justifique la negativa del Registrador cuando se solicita la inserción de la nota marginal previo pago de los derechos correspondientes.

*Debe revocarse la nota recurrida.*